UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEROME ANGLIN,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and NATIONSTAR MORTGAGE LLC<br><br>    Defendants. | Civil Action No. 3:21-cv-329<br><br>With Jury Demand Endorsed |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Jerome Anglin ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1. Three of the Defendants are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage LLC is also liable for defamation. Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2. Plaintiff, Jerome Anglin, is a natural person residing in Landover, Maryland, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3. Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Georgia corporation with its principal place of business in Georgia. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4. Experian Information Solution, LLC, which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants,", does business in this judicial district and is an Ohio corporation with its principal place of business in California. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5. Trans Union LLC, which may also hereinafter be referred to as "Trans Union",

"Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Delaware corporation with its principal place of business in Illinois. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.  Nationstar Mortgage LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Texas corporation with its principal place of business in Texas located at 8950 Cypress Waters Blvd, Coppell, TX 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

7.  As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III. JURISDICTION AND VENUE

8.  Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case

arises under federal law. 28 U.S.C. § 1331; 15 U.S.C. § 1681(p). Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. § 1332. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

9. Venue is proper in this District, because Defendants transact business in this District, Nationstar is incorporated in this District, and a substantial part of Defendant Nationstar's conduct occurred in this District. 28 U.S.C. § 1391.

10. Venue is further proper in this District, because the CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiffs. Any and all requests to investigate Plaintiff's disputes sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. The majority of this FCRA action revolves around recent communication with Nationstar Mortgage, Inc. including investigating Nationstar's ongoing reporting and investigation of Plaintiffs' mortgage accounts with Nationstar.

## IV. FACTUAL ALLEGATIONS

11. In September 2009, Plaintiff secured a mortgage for his home at 600 Tailgate Terrace, Landover, Maryland with Bank of America.

12. Sometime in approximately May of 2015, Plaintiff's mortgage was transferred, purchased, sold to, or otherwise acquired by Defendant Nationstar.

13. In October 2020, Plaintiff requested and received a copy of his 3-Bureau Credit Report & Scores which provides the credit reports assembled, evaluated, and disbursed by Equifax, Experian and Trans Union (hereafter the "Trimerge Report") and noticed that his Nationstar mortgage account was reporting inaccurately.

14. Plaintiff requested his Innovis credit report as well and noticed that unlike Defendants Equifax, Experian and Trans Union, Innovis correctly reported his Nationstar account as "Never Past Due."

15. Plaintiff noticed that within the Trimerge Report, Equifax, Experian and Trans Union each reported Plaintiff's Nationstar tradeline with a 30-day late payment for the month of May 2020.

16. Plaintiff made his May 2020 mortgage payment on May 22, 2020 in the amount of $2,492.59. Attached as Exhibit "A" is a true and correct copy of Plaintiff's Nationstar payment confirmation.

17. Without explanation or request to do so by Plaintiff, Nationstar reversed his May 22, 2020 mortgage payment. This reversal is shown in Exhibit "B."

18. Plaintiff was then forced to make payment again on June 8, 2020 in the amount of $2,492.59. This payment is also shown in Exhibit "B."

19. Plaintiff timely made his regular June 2020 monthly mortgage payment thereafter on June 18, 2020.

20. A redacted copy of Plaintiff's October 2020 Trimerge Report is attached hereto as Exhibit "A" and incorporated by reference.

21. On or about November 18, 2020, Plaintiff disputed the reporting of the Nationstar mortgage account with Equifax, Experian, and Trans Union ("CRA Defendants") directly. Plaintiff

requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account. Plaintiff informed the CRA Defendants they were incorrectly reporting his May 2020 payment 30-days late. Plaintiff further informed the CRA Defendants that Nationstar failed to process that payment and/or erroneously reversed the May 2020 payment. Further, Plaintiff attached his payment history proving the May 2020 payment was, in fact, made in May 2020.

22. Plaintiff's dispute letter sent to Defendant Equifax is attached hereto as Exhibit "C".

23. Plaintiff's dispute letter sent to Defendant Experian is attached hereto as Exhibit "D".

24. Plaintiff's dispute letter sent to Defendant Trans Union is attached hereto as Exhibit "E".

25. Equifax responded to Plaintiff's dispute on or about December 12, 2020.

26. A redacted copy of Equifax's response letter dated December 12, 2020 is attached hereto as Exhibit "F" and incorporated herein by reference.

27. In its response letter to Plaintiff's dispute, ("Equifax's Response Letter") Equifax stated that the creditor verified the current status was being reported correctly. In other words, Equifax refused to correct the credit line which inaccurately reported a 30 day late in May 2020.

28. Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline because Plaintiff demonstrated that his May 2020 payment was timely made, yet Equifax continued to report a 30 day late payment for May 2020.

29. Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding

Plaintiff's Nationstar mortgage account.

30. Upon the Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar reporting lines.

31. In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

32. Experian responded to Plaintiff's dispute on or about December 11, 2020.

33. A redacted copy of Experian's response letter dated December 11, 2020 is attached hereto as Exhibit "G" and incorporated herein by reference.

34. In its response letter to Plaintiff's dispute, ("Experian's Response Letter") Experian did not explain its investigation or results, simply stating that its reinvestigation was complete. Experian then displayed the "updated" tradeline which continued to incorrectly report a 30 day late for May 2020.

35. Experian's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline because Plaintiff demonstrated that his May 2020 payment was timely made, yet Experian continued to report a 30-day late payment for May 2020.

36. Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar mortgage account.

37. Upon the Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar reporting lines.

38. In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

39. Trans Union failed to respond to Plaintiff's dispute letter, though Plaintiff can verify the same was received by Trans Union on or about November 23, 2020 by providing Proof of Delivery attached as Exhibit "H".

40. Failure to respond to a consumer request for reinvestigation is an unambiguous violation of the FCRA.

41. Trans Union's lack of response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline though Plaintiff demonstrated his May 2020 payment was timely made and should not have reported 30 days late.

42. Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar mortgage account.

43. Upon the Plaintiff's request to Trans Union for verification and addition regarding the Nationstar mortgage account, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not

make any attempt to substantially or reasonably verify the Nationstar reporting lines.

44. In the alternative to the allegation that Trans Union failed to contact Nationstar, it is alleged that Trans Union did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

## V. GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

45. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

46. Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

47. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

48. Plaintiff provided his mortgage payments to Equifax and furnished Equifax the necessary documentation supporting Plaintiff's tradeline, yet Equifax continued to prepare a patently false consumer report concerning Plaintiff.

49. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

50. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages,

including, but not limited to, credit denial, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

51.    Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

52.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

53.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

54.    Equifax violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

55.    As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, credit denials, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

56.    Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or

statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

57. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
## (15 U.S.C. § 1681e(b))

58. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

59. Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

60. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

61. Plaintiff provided his mortgage payments to Experian and furnished Experian the necessary documentation supporting Plaintiff's tradeline, yet Experian continued to prepare a patently false consumer report concerning Plaintiff.

62. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

63. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, credit denials, loss of credit, loss of the ability to purchase

and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

64. Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
(15 U.S.C. §1681i)

66. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

67. Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

68. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, credit denials, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69. Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

70. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

71. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

72. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

73. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

74. Plaintiff provided his mortgage payments to Trans Union and furnished Trans Union the necessary documentation supporting Plaintiff's tradeline, yet Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

75. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

76. As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, credit denials, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials.

77. Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

78. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

79. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

80. Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

81. As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, credit denails, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

82. Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent

entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT VII – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

84. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify, delete, and/or block the information.

85. Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

86. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, credit denials, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

87. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under

15 U.S.C. § 1681o.

## COUNT VIII – NATIONSTAR'S VIOLATION OF RESPA

88. The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

89. Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrowers' notice and make all appropriate corrections to the account.

90. Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiffs' requests and failing to correct the accounts accordingly.

91. Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

92. Nationstar's failure to conduct a reasonable investigation and make the appropriate corrections to Plaintiffs' accounts, as well as credit late fees and/or penalties, has proximately caused Plaintiffs' damages.

93. Nationstar is therefore liable to Plaintiffs for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

94. Plaintiffs are also entitled to recover reasonable attorneys' fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

### VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

95. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority,

through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

96. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

97. Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

98. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

99. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

100. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

101. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

102. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and

suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Jerome Anglin, prays that this Honorable Court:

    A.    Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

    B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

    C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

    D.    Order that the CRA Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC, and Furnisher Defendant, Nationstar Mortgage LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning

Plaintiff and/or any of Plaintiff's personal identifiers.

  E. Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.


Date: <u>February 16, 2021</u>

            Respectfully submitted,

            */s/ Matthew P. Forsberg*
            Matthew P. Forsberg
            TX State Bar Number 24082581
            Matt@FieldsLaw.com
            FIELDS LAW FIRM
            9999 Wayzata Blvd.
            Minnetonka, Minnesota 55305
            (612) 383-1868 (telephone)
            (612) 370-4256 (fax)

          **LAW OFFICE OF JONATHAN A. HEEPS**

            /s/ *Jonathan A. Heeps*
            Jonathan A. Heeps
            State Bar No. 24074387
            LAW OFFICE OF JONATHAN A. HEEPS
            Post Office Box 174372
            Arlington, Texas 76003
            Telephone (682) 738-6415
            Fax (844) 738-6416
            jaheeps@heepslaw.com


            COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

February 16, 2021              */s/ Matthew P. Forsberg*
Date                                  Matthew P. Forsberg